**WORTH & COMPANY, INC., Petitioner**

**v.**

**PREVAILING WAGE APPEALS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 2007.
Decided July 5, 2007.
Reargument Denied Aug. 23, 2007.

Thomas C. Zipfel and Jonathan Landesman, Philadelphia, for petitioner.

Irwin W. Aronson, Harrisburg, for intervenor, PA State Bldg. and Construction and Trades Council, AFL–CIO.

James Holzman, Harrisburg, for intervenor, Bureau of Labor Law Compliance.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

Worth & Company, Inc. (Worth) petitions for review of the order of the Prevailing Wage Appeals Board (PWAB) dismissing its appeal of the Secretary of the Pennsylvania Department of Labor and Industry's (Department) order granting intervenor status to the Pennsylvania State Building and Construction Trades Council (Intervenor) in a prevailing wage enforcement proceeding.

The Department's Bureau of Labor Law Compliance (Bureau) filed an order to show cause against Worth alleging that it

violated the Prevailing Wage Act (Act)[1] by intentionally failing to pay the predetermined prevailing minimum wage to its employees for work performed on six public works projects. After Worth filed its answer, the Bureau filed an amended order to show cause seeking to debar Worth for a period of three years. The Secretary assigned a hearing officer to hear the case.

The hearing officer denied Worth's request to engage in pre-hearing discovery, and both parties filed pre-hearing statements in which they identified witnesses and exhibits to be presented at the hearing. During the hearing, the hearing officer noted that Irwin Aronson, Esquire, Counsel for Intervenor (Attorney Aronson), was passing notes to the Bureau's counsel table and he ordered that it should stop. Attorney Aronson responded by identifying himself as Counsel for Intervenor and stated that he should not be prevented from passing notes. He then made a *viva voce* motion to intervene that was denied, and the hearing continued. The next day, Attorney Aronson provided the Bureau and Worth a copy of a petition for intervention filed with the Secretary by Intervenor.[2] Worth then filed an application for an emergency stay of the debarment hearing to respond to the petition for intervention, which was granted.

Finding that Intervenor's intervention was in the public interest because unions have an interest in assuring enforcement of the Act to eliminate unfair advantage to contractors bidding on public works projects who violate the Act and to protect the job security and economic status of union members, the Secretary granted intervention subject to limitations. The Secretary limited Intervenor's participation "to the presentation of *non cumulative testimony* by witnesses called on behalf of the Bureau and/or by Worth. So as not to unduly burden, complicate or lengthen the proceeding, witnesses who have already testified and been subject to direct and cross examination by the Bureau and/or Worth may not be recalled as witnesses by [Intervenor]." (Secretary's opinion at 7–8.) (Emphasis in original.)

Worth appealed the Secretary's grant of intervention to the PWAB, and it dismissed the appeal concluding that the Secretary's order was neither an appealable final determination under the General Rules of Administrative Practice and Procedure (GRAPP) nor a final order putting a party out of court or disposing of all the issues raised by the order to show cause. The PWAB stated that Worth would have the opportunity to challenge the Secretary's order granting intervention should an appeal of the Secretary's final adjudication on the merits come before the PWAB. Worth then sought from the PWAB an amended order to include the statements specified in 42 Pa.C.S. § 702(b), which was denied. Pursuant to Pa. R.A.P. 312, Worth filed with this Court a petition for permission to appeal the PWAB's denial of its request for an amended order, which we denied. Worth had also filed this petition for review arguing that (1) the PWAB's order was a collateral order subject to appeal as of right under Pa. R.A.P. 313 and (2) the Secretary's grant of intervenor status was a final or collateral order

---

1. Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165-1—165-17.

2. Petitions to intervene may be filed at any time following the filing of a document seeking agency action, but not later than the date fixed for filing such petitions. 1 Pa.Code § 35.30. A petition for intervention will be granted or denied as soon as practicable after the time for filing answers has expired, and no petitions "may be filed or will be acted upon during a hearing unless permitted by the agency after opportunity for all parties to object thereto." 1 Pa.Code § 35.31(b).

subject to appeal under the GRAPP. The Department and Intervenor contend that Worth's appeal to this Court must be quashed because the PWAB's order was neither a final order nor an appealable collateral order.

■ This Court has appellate jurisdiction over "final orders" of administrative agencies or courts of common pleas. *Rivera v. Carbon County Tax Claim Bureau,* 857 A.2d 208 (Pa.Cmwlth.2004). A final order is an order that (1) disposes of all claims and of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of this rule. Pa. R.A.P. 341. The purpose of limiting appellate review to final orders is to prevent piecemeal determinations and the consequent protraction of litigation. *Rivera.*

■ In this case, the only issue before the PWAB was whether the Secretary's order granting intervention to Intervenor was a final order. The PWAB disposed of that lone issue as to all parties by determining that the Secretary's order was in-terlocutory. Because the PWAB's order dismissing Worth's appeal of the Secretary's order granting intervention disposed of the sole issue before it as to all parties, the order constituted a final order on intervention and was appealable to this Court.

■ Because it is a final order, we must then determine whether the PWAB properly determined that the Secretary's order was interlocutory. Worth contends that the Secretary's order was a final determination subject to appeal under 1 Pa.Code §§ 35.266(a)(1) and (4) of the GRAPP.

Only the final determinations of the Secretary are appealable. 34 Pa.Code § 213.3(a).[3] Under 1 Pa.Code §§ 35.266(a)(1) and (4),[4] a final determination requires an adjudication by the agency head.[5] Pursuant to 1 Pa.Code § 31.3, an "adjudication" is "an order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of the parties to the proceedings in which the adjudication is made."

---

**3.** 34 Pa.Code § 213.3(a) provides:

(a) A party, other than the Department, may file an appeal with the Board from the *final determination* of the Secretary in proceedings conducted under section 8 or 11 of the act (43 P.S. §§ 165–8 and 165–11). Grievances filed under section 2.2(e) of the act (43 P.S. § 165–2.2(e)) are governed by § 213.8 (relating to grievances arising from administration of the act). (Emphasis added.)

**4.** 1 Pa.Code. § 35.266(a) provides:

(a) Adjudications of an agency head shall be final orders, subject only to application for rehearing, if any, provided for by the statute under which the proceeding is initiated and conducted, except proposed regulations that may be issued in rulemaking. Final orders shall include:

(1) *Adjudications* by the agency head in proceedings in which the agency head has presided at the reception of evidence.

(4) *Adjudications* by the agency head in proceedings in which a presiding officer has presided at the reception of evidence and which are not subject to § 35.202 (relating to proceedings in which proposed reports are prepared). (Emphasis added.)

**5.** 1 Pa.Code § 31.3, defining "agency head," provides:

The secretary of a department, a quorum of an authority or departmental administrative board or commission or independent board or commission, or another officer or group of officers whose action with respect to a matter pending before the agency exhausts opportunity for administrative review within the agency and constitutes the action of the administrative agency for the purposes of PA. CONT. art. V, § 9.

Applying the foregoing regulations to this case, the Secretary's order granting intervention did not constitute an appealable adjudication because it was not a final determination that affected Worth's property right to contract for public works projects or assessed damages against it for violating the Act. Because the Secretary's order granting intervention was not a final determination under 1 Pa.Code §§ 35.266(a)(1) and (4), the PWAB did not err in rejecting jurisdiction over the Secretary's interlocutory order.

Accordingly, the order of the PWAB is affirmed.

### ORDER

AND NOW, this *5th* day of *July,* 2007, the order of the Prevailing Wage Appeals Board, dated November 30, 2006, is affirmed.